IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| MIN TANG, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-21-2739 |
| | * | |
| XAVIER BECERRA, | | |
| Secretary, United States Department of | | |
| Health and Human Services, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Dr. Min Tang ("Plaintiff") filed this suit against Xavier Becerra, the Secretary of the United States Department of Health and Human Services ("Defendant" or "the Agency"), in his official capacity, alleging claims under Title VII of the Civil Rights Act of 1964.  Plaintiff asserts that her former supervisors at the Food and Drug Administration ("FDA") subjected her to a series of retaliatory employment actions after she filed administrative complaints alleging discrimination based on her race and national origin.  Currently before the Court is Defendant's partial motion to dismiss Count IV of the complaint—relating to Plaintiff's compulsory placement and retention on a nearly two-year detail assignment—for failure to exhaust administrative remedies.  ECF 15.  I have reviewed the memorandum in support of that motion, ECF 15-1, Plaintiff's response, ECF 20, and Defendant's reply, ECF 21.  No hearing is necessary.  Loc. R. 105.6 (D. Md. 2021).  For the reasons described below, Defendant's partial motion to dismiss will be denied.

**I.       FACTUAL BACKGROUND**

Unless otherwise noted, the following facts are taken from the Amended Complaint, ECF 14, and are assumed to be true for the purposes of this motion.  Plaintiff, who was born in China,

is a trained biologist who has worked for various federal agencies since 1999.  *Id*. ¶¶ 11, 12.  In August 2010, she was hired as a microbiology reviewer for the FDA's Center for Drug Evaluation and Research ("CDER") to assess biotechnology product applications.  *Id*. ¶ 18.  Plaintiff's hiring was strongly opposed by her supervisor at CDER, Patricia Hughes, who undertook a series of actions to try to remove Plaintiff from Ms. Hughes's team.  *Id*. ¶ 19.  These actions included targeting Plaintiff's review work because English is not her first language.  *Id*.

In March, 2011, Plaintiff filed the first of a series of Equal Employment Opportunity ("EEO") complaints ("2011 EEO Complaint"), alleging discrimination based on her race and national origin.  *Id*. ¶¶ 3, 19.  In response to the complaint, Ms. Hughes and other managers began a course of retaliation against Plaintiff.  *Id*.  This prompted her to file a second EEO action in 2013 ("2013 EEO Complaint") alleging continued discrimination and retaliation.  *Id*.  While the 2011 and 2013 cases were pending before the Equal Employment Opportunity Commission ("EEOC"), Plaintiff filed a third EEO complaint in June, 2016 ("2016 EEO Complaint").  *Id*. ¶ 4.  That complaint alleged that she was further retaliated against when managers suspended her without pay for 14 days and improperly reduced her performance ratings.  *Id*.

On December 21, 2016, a settlement conference was held regarding Plaintiff's 2011 and 2013 EEO Complaints.  *Id*. ¶ 20.  However, no settlement was reached.  *Id*.  The next day, Plaintiff was assigned to a detail position in the FDA's Office of Policy for Pharmaceutical Quality ("OPPQ").  *Id*.  At OPPQ, Plaintiff was required to do work completely outside her expertise, skills, and experience as a biologist.  *Id*. ¶¶ 20, 37.  She remained assigned to the OPPQ detail throughout 2017 and into 2018.  *Id*.  During that time, Plaintiff filed yet another EEO Complaint in September, 2017 ("2017 EEO Complaint"), alleging that Ms. Hughes and another supervisor

had subjected her to continuing retaliation by, among other things, injecting mistakes into her work product and changing a previously completed performance evaluation to "unsatisfactory." *Id*. ¶ 5.

In early April 2018, an EEOC administrative law judge ruled in Plaintiff's favor in connection with her 2011 and 2013 EEO Complaints, concluding that management had unlawfully discriminated and retaliated against Plaintiff by failing to promote her. *Id*. ¶¶ 3, 20.  The Agency was ordered to promote Plaintiff and pay related damages, including backpay, compensatory damages and attorneys' fees. *Id*.

After receiving her favorable EEOC ruling, Plaintiff contacted  Jacquita Johnson House, a manager at CDER, on April 9, 2018, to request that she be removed from the OPPQ detail and restored to her job as a microbiology reviewer.  *Id*. ¶¶ 6, 20; ECF 15-2 at 5, 7.  When Ms. Johnson House failed to respond to this request, Plaintiff contacted the Agency's EEO Counselor on April 17, 2018, to begin the process of filing another complaint.  ECF 14 ¶ 20; ECF 15-2 at 3, 7.  That complaint was filed on May 30, 2018 ("2018 EEO Complaint"),[1] ECF 14 ¶ 6, and alleged that:

---

[1] Defendant has attached a copy of the 2018 EEO Complaint to its motion to dismiss, contending the document supports its argument that Plaintiff failed to exhaust her administrative remedies with respect to Count IV.  *See* ECF 15-2.  While a Court weighing a motion to dismiss generally may not consider matters outside the pleadings without converting the motion into one for summary judgment, *see* Fed. R. Civ. Pro. 12(d), an exception exists for documents which are "integral to the complaint and authentic." *Sec'y of State for Defense v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also White v. Mortgage Dynamics, Inc.*, 528 F. Supp. 2d 576, 579 (D. Md. 2007) (at motion to dismiss stage, court may consider "documents which are referred to in the Complaint and upon which Plaintiff relies in bringing the action").  Plaintiff has not objected to this Court's consideration of the 2018 EEO Complaint.  Furthermore, because Plaintiff has expressly pled facts to demonstrate exhaustion with respect to Count IV, *see* ECF 14 ¶¶ 6–7, the EEO complaint may be considered integral for the purposes of that issue.  *See Hamilton v. Harker*, Civil No. TDC-19-1489, 2021 WL 597684, at *4 (D. Md. Feb. 16, 2021) (considering EEO documents submitted with motion to dismiss because they were integral to the issue of exhaustion).  Accordingly, the Court will consider the 2018 EEO Complaint for the purposes of deciding Defendant's motion to dismiss for failure to exhaust.  However, the Court declines to consider various other materials submitted by the parties which are not integral to or relied upon in the Amended Complaint.

- Ms. Johnson House had placed Plaintiff on the OPPQ detail on December 22, 2016, ECF 15-2 at 7 ¶ 1;

- "On April 9, 2018, [Plaintiff] requested Ms. Johnson House to end the detail because the detail was alleged [to be] the result of [a] Prohibited Personnel Practice … [,]" *id*. at 7 ¶ 2;

- "In [Plaintiff's] request, Ms. Johnson House was also notified [of] the EEOC Judge's ruling made in April 2018 for the [2011 and 2013 EEO Complaints,]" *id*.;

- "To date, Ms. Johnson House has provided no response to the request described above and continually made the Prohibited Personnel Practice ongoing[,]" *id*. at 7 ¶ 4;

- Plaintiff's detail with OPPQ was motivated "at least in part, by reprisal, in violation of Title VII of the Civil Right[s] Act of 1964, and that this is just the latest in a series of retaliatory actions taken against me[,]" *id*. at 7 ¶ 5.

Plaintiff was eventually returned to her microbiology review position working under Ms. Hughes in August, 2018—20 months after her detail to OPPQ began.  ECF 14 ¶ 21.

Plaintiff subsequently filed this suit, raising four retaliation claims based on the events set forth in her 2016, 2017, and 2018 EEO Complaints.[2]  ECF 14 ¶¶ 31–38.  Relevant to the instant motion, Count IV of the Amended Complaint alleges that the Agency retaliated against Plaintiff when, "during the period December 2016 and continuing through April 2018, despite her repeated requests that she be returned to her microbiology review job, it retained Plaintiff in [her OPPQ detail assignment] in a position which was unsuitable because the work was outside of Plaintiff's knowledge, skills, expertise, and experience in biotechnology products review."  *Id*. ¶ 37.

---

[2] An EEOC administrative judge granted summary judgment to the Agency with respect to the 2016 EEO Complaint, and Plaintiff's administrative appeal and request for reconsideration were denied.  ECF 14 ¶ 4.  The Agency did not issue a final decision on Plaintiff's 2017 and 2018 EEOC Complaints before she filed the instant suit.  *Id*. ¶ 7.  *See* 42 U.S.C. § 2000e-16(c) (permitting a federal employee to file a civil action based on their administrative complaint after 180 days "from the filing of the initial charge with the … agency," if there has been no final agency action on the complaint).

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss.  *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  However, a plaintiff need not include "detailed factual allegations" to satisfy Rule 8(a)(2).  *Twombly*, 550 U.S. at 555.  Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation.  *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  If a

complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quotations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

## III.   ANALYSIS

Defendant seeks dismissal of Count IV of the Amended Complaint, arguing that Plaintiff did not exhaust her administrative remedies because she failed to timely contact an EEO Counselor regarding her allegedly retaliatory detail assignment with OPPQ.

A federal employee must exhaust all available administrative remedies before bringing a Title VII claim in federal court. *See Zografov v. V.A. Med. Ctr.*, 779 F.2d 967, 968–69 (4th Cir.

1985).  Relevant here, a federal employee alleging discriminatory employment practices must first contact an EEO Counselor to try to resolve the matter informally "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a)(1).  "A prospective plaintiff's failure to contact an EEO Counselor within the 45 days prescribed 'is tantamount to failure to timely exhaust all administrative remedies' and 'ordinarily results in dismissal of a complaint of discrimination.'" *Upshaw v. Tenenbaum*, No. PWG-12-3130, 2013 WL 3967942, at *5 (D. Md. July 31, 2013) (quoting *Blount v. Dep't of Health & Human Servs.*, 400 F. Supp. 2d 838, 841 (D. Md. 2004)); *see also Whims v. Mabus*, No. 1:11-cv-01861, 2012 WL 12952571, at *3 (D. Md. Apr. 11, 2012) (dismissing Title VII claim under Rule 12(b)(6) where the Plaintiff failed to meet with an EEO Counselor within 45 days of his termination).  If an informal resolution cannot be reached, the EEO Counselor issues a written notice of the right to file a formal EEO complaint within the agency.  29 C.F.R. § 1614.105(d)–(f).

Here, there is no dispute that Plaintiff contacted an EEO Counselor on April 17, 2018, regarding her ongoing OPPQ detail.  ECF 15-2 at 3.  However, Defendant argues this contact was insufficient to satisfy the 45-day exhaustion requirement, because Plaintiff was first assigned to the OPPQ detail on December 22, 2016—nearly a year-and-a-half before she initiated the EEO process.  ECF 15-1 at 7–8.  Plaintiff responds that her 2018 EEO actions were nonetheless timely, because she did not seek to challenge the initial, 2016 decision to place her on detail.  ECF 20 at 7–9.  Rather, Plaintiff asserts that she contacted the EEO counselor—and later filed her EEO complaint—in response to the Agency's denial of her April, 2018 request to be returned to her microbiology reviewer role.  *Id*.

This Court agrees with Plaintiff that her retaliation claim in Count IV has been exhausted to the extent that it challenges Defendant's denial of her request to end the OPPQ detail.  As an initial matter, Plaintiff contacted an EEO Counselor eight days after she asked on April 9, 2018, to return to her microbiology reviewer position—well within the 45-day time frame established by 29 C.F.R. § 1614.105(a)(1).  ECF 15-2 at 3, 7.  Moreover, the language of Plaintiff's 2018 EEO Complaint clearly identifies the April, 2018 denial as a basis for her administrative grievance.  *See* 29 C.F.R. § 1614.106(c) (requiring that an administrative complaint "describe generally the action(s) or practice(s) that form the basis of the complaint").  Specifically, the EEO Complaint alleges:  (1) that Plaintiff "requested Ms. Johnson House to end the detail,"; (2) that this request immediately followed the favorable EEOC ruling in Plaintiff's related 2011 and 2013 cases, in which an administrative law judge found that Plaintiff had been discriminated and retaliated against; and (3) that despite Plaintiff's outreach and the EEOC ruling, the Agency "provided no response to [her] request."  *Id*. at 7.[3]  In short, Plaintiff properly exhausted her administrative remedies with respect to the Agency's refusal in April, 2018 to end her OPPQ detail.  As a result, Count IV may proceed to the extent that it challenges that denial as a discrete incident of unlawful retaliation under Title VII.

At the same time, the Court rejects any attempt by Plaintiff to broaden her properly exhausted claim under Count IV beyond this limited scope.  Specifically, Plaintiff appears to argue that at least some of the Agency's pre-April 2018 conduct relating to her OPPQ detail may be

---

[3] Likewise, the Court is satisfied that Plaintiff's Amended Complaint, though more broadly worded than the 2018 EEO Complaint, is more than sufficient to provide defendants with "fair notice" of her intention to assert the denial of her April, 2018 request as a basis for relief.  *Twombly*, 550 U.S. at 555–56.  For example, Count IV alleges that Plaintiff was retained in the OPPQ detail "despite her repeated requests that she be returned to her microbiology job."  ECF 14 ¶ 37.  And earlier, the Amended Complaint expressly notes that Plaintiff "requested to go back to and resume her microbiology reviewer job" in April 2018, but that "Defendant refused."  *Id*. ¶ 20.

considered timely exhausted under the continuing violation doctrine.  *See* ECF 20 at 9–10.  That

doctrine "allows for consideration of incidents that occurred outside the time bar when those

incidents are part of a single, ongoing pattern of discrimination."  *Holland v. Washington Homes,*

*Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S.

101, 118 (2002)).  However, it is well-settled that the continuing violation theory only applies to

hostile work environment claims.  *Id.* at 219–20; *Smith v. Vilsack*, 832 F. Supp. 2d 573, 581 (D.

Md. 2011).  Plaintiff's lone authority on this point expressly acknowledges as much.  *See Johnson*

*v. United Parcel Serv., Inc.*, Civil No. GLR-17-1771, 2018 WL 3956623, at *4 (D. Md. Aug. 16,

2018) ("[Defendant] correctly points out that the 'continuing violation' theory does not apply to

discrete acts of retaliation[.]")  Here, the Amended Complaint only asserts claims for retaliation—

not hostile work environment.  ECF 14 ¶¶ 31-38.  Plaintiff's invocation of the continuing violation

doctrine is therefore misplaced.  Moving forward, Plaintiff must show that Defendant's denial of

her request to end her OPPQ detail in April, 2018, and the resulting extension of that detail for

approximately four months, independently satisfy the elements of a retaliation claim under Title

VII.

## IV.     CONCLUSION

Because Count IV of the Amended Complaint has been properly exhausted to the limited

extent described above, Defendant's partial motion to dismiss, ECF 15, will be denied.  A separate

order follows.


Dated: September 26, 2022                                                    /s/
                                                          Stephanie A. Gallagher
                                                          United States District Judge